IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JERRY ALLEN McCUMBERS,

    Plaintiff,

vs.

RON CORBETT, Lt. RANDY ALSTON, and the GLYNN COUNTY DETENTION CENTER,

    Defendants.

CIVIL ACTION NO.: CV206-045

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Glynn County Detention Center in Brunswick, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he slipped and fell, which injured his back and neck, while working in the kitchen. Plaintiff alleges that the drains in the kitchen were overflowing and the floor tile was slick. Plaintiff asserts that a doctor has not treated him for these injuries. Plaintiff also alleges that approximately four months ago, he experienced pain in his wisdom tooth and requested a dentist. Plaintiff avers that he has still not seen a dentist and his tooth has since broken off. Plaintiff also asserts that several showers in the detention center are inoperable and are not regularly cleaned.

Plaintiff's Complaint asserts a variety of unrelated claims. Plaintiff's Complaint fails to make sufficient connection between his allegations and Defendants Corbett and Alston. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff's Complaint does not mention either

AO 72A
(Rev. 8/82)

Defendant Corbett or Alston and does not assert specific allegations regarding their role in Plaintiff's allegations. Construed liberally, Plaintiff's claims against Defendants Corbett and Alston should be dismissed for failure to state a claim upon which relief may be granted. See FED. R. CIV. P. 8(a)(2).

In addition, while local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed.2d 611 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), jails, as a mere arm of such governments, are not generally considered legal entities subject to suit. Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). Accordingly, Plaintiff cannot state a claim against Glynn County Detention Center, as it is merely the vehicle through which the State governs and is not a proper party defendant. Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 29th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)